John A. Azzarello (JAA 4363)
David W. Fassett (DWF 1636)
ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP
560 Main Street
Chatham, NJ 07928
(973) 635-3366
Attorneys for Defendant Joseph Roque

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 12-540 (KM) |
| v. | ELECTRONICALLY FILED |
| FELIX ROQUE and JOSEPH ROQUE, a/k/a "Maria Pasquale" a/k/a "Jeffrey Reynoso" | |
| Defendants | |

**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF
DEFENDANT JOSEPH ROQUE'S PRETRIAL MOTIONS**

Defendant Joseph Roque ("Joseph"), through the undersigned counsel, respectfully submits this supplemental brief in further support of Joseph's pretrial motions to dismiss the superseding indictment filed April 18, 2013, in whole or in part, and for other pretrial relief.

Joseph previously moved to dismiss the original indictment and filed a 45-page brief in support of that motion ("the Original Brief"). [Doc 31-1] In lieu of responding to that motion, the government filed the superseding indictment. Because most of the arguments advanced in our motion regarding the original indictment apply as well to the superseding indictment, we respectfully rely on the Original Brief in support of the instant motion. We respectfully submit

this supplemental brief to delineate our understanding of how the superseding indictment affects each of those arguments, if at all.

### Point One

Point One of the Original Brief argued that the original indictment should be dismissed in its entirety because the CFAA's application to the purely local, noncommercial offenses charged therein violates the Tenth Amendment and federalism principles. [Doc. 31-1 at 11-22] That argument applies fully to the superseding indictment. The only change therein which is conceivably related to that argument is the new allegation that Facebook is "a social networking company located in California." (Superseding indictment at 2 ¶1i) That new allegation is similar to the original indictment's allegations (repeated in the superseding indictment) that Go Daddy is located in Arizona and Weebly is located in California. (Id. at 2 ¶1h) For the reasons described in the Original Brief, those allegations are immaterial to Joseph's federalism argument because they do not change the established fact that the offenses charged are purely local, noncommercial offenses which do not implicate any compelling federal interest.

### Point Two

Point Two of the Original Brief argued that the Conspiracy Charge (Count 1) and the Access Charge (Count 2) of the original indictment should be dismissed to the extent they charge (as a conspiratorial object and as a substantive offense, respectively) alleged acts of unauthorized accessing without alleging that any information was obtained thereby. [Doc. 31-1 at 22-24] The original indictment alleged that Joseph committed four acts of unauthorized accessing on February 8, 2012 – *i.e.*, at 11:49 a.m. (West New York News Account), 4:27 p.m. and 4:38 p.m. (Facebook Account), and 4:49 p.m. (Go Daddy Account) – and obtained information from multiple "protected computers," but it failed to allege that any of the latter three acts of

unauthorized accessing resulted in his obtaining any information. Accordingly, the Original Brief sought to dismiss those latter three acts to the extent they were charged substantively (in the Access Charge) or as a conspiratorial object (in the Conspiracy Charge). The superseding indictment appears to affect that argument in three material respects.

First, the Access Charge now alleges that the only information obtained without authorization was "the contents of the West New York News Account" and that this information was obtained from just one "protected computer," *i.e.*, that which "host[ed] the contents of the electronic mail account westnewyorknews@[Provider1].com." (Superseding indictment at 14 ¶2) That new allegation suggests that the only alleged act of unauthorized accessing charged substantively in the Access Charge is that which occurred at 11:49 a.m. (West New York New Account). (Id. at 7 ¶4i) Should the government confirm that the Access Charge is limited to that single alleged act of unauthorized accessing, we will withdraw without prejudice Point Two's dismissal argument as it applies to the Access Charge.[1]

Second, the Conspiracy Charge charges the same new allegations about information obtained from the West New York News Account as a conspiratorial object, (id. at 3-4 ¶2a), but it also now charges as a second conspiratorial object that "the contents of the Facebook Account" were obtained without authorization from the "Facebook computer." (Id. at 4 ¶2b) Moreover, in addition to repeating the original two acts of unauthorized accessing the Facebook Account at 4:27 p.m. and 4:38 p.m. (id. at 7 ¶4l), the Conspiracy Charge now alleges a third act of

---

[1] The superseding indictment adds an allegation that Joseph accessed the West New York News Account a second time at 8:41 p.m., but it does not allege that this second act of accessing that account was without authorization or resulted in Joseph obtaining any information. (Id. at 10 ¶4z) We assume, therefore, that this second alleged act of accessing the West New York News Account is not charged either substantively in the Access Charge or as a conspiratorial object in the Conspiracy Charge.

3

unauthorized accessing the Facebook Account at 5:45 p.m. (Id. at 8 ¶4r)[2] However, none of those three acts of unauthorized accessing alleges that Joseph obtained any information from the Facebook Account or is charged as a substantive offense. Accordingly, we continue to advance Point Two's dismissal argument with respect to the conspiratorial object regarding the Facebook Account charged in the Conspiracy Charge.

Third, the Conspiracy Charge also adds allegations that Joseph accessed without authorization the Weebly Account at 4:54 p.m. and again at 5:38 p.m. (Id. at ¶¶ 4o and 4s) Like the three acts of unauthorized accessing the Facebook Account, neither act of unauthorized accessing the Weebly Account alleges that Joseph obtained any information thereby. However, unlike the Facebook Account unauthorized accessing acts, the Weebly Account unauthorized accessing acts are not charged as a conspiratorial object in the Conspiracy Charge. Nor is the original act of unauthorized accessing the Go Daddy account at 4:49 p.m., (id. at 8 ¶4m) – which also does not allege that Joseph obtained any information – charged as a conspiratorial object in the Conspiracy Charge. Accordingly, should the government confirm that the Conspiracy Charge does not charge either the Weebly Account unauthorized accessing acts or the Go Daddy Account unauthorized accessing acts as conspiratorial objects, we will withdraw without prejudice Point Two's dismissal argument as it applies to those acts.

In sum, the superseding indictment now alleges seven acts of unauthorized accessing. We do not advance that argument with respect to the alleged act of unauthorized accessing the West New York News Account (at 11:49 a.m.) charged as both a conspiratorial object in the

---

[2] The superseding indictment also adds an allegation that Joseph accessed the Facebook Account a fourth time at 8:45 p.m., but it does not allege that this fourth act of accessing that account was without authorization or resulted in Joseph obtaining any information. (Id. at 10 ¶4aa) We assume, therefore, that this fourth act of accessing is not charged as part of the conspiratorial object regarding the Facebook Account.

4

Conspiracy Charge and a substantive offense in the Access Charge because that act alleges that Joseph obtained information thereby. However, we continue to advance Point Two's dismissal argument with respect to the three alleged acts of unauthorized accessing the Facebook Account (at 4:27 p.m., 4:38 p.m. and 5:45 p.m.) charged as a second conspiratorial object in the Conspiracy Charge because those acts fail to allege that Joseph obtained any information thereby. Finally, we do not advance that argument with respect to the alleged acts of unauthorized accessing the Go Daddy account (at 4:49 p.m.) or the Weebly Account (at 4:54 p.m. and 5:38 p.m.) because, subject to the government's confirmation, those acts are not charged as either a conspiratorial object in the Conspiracy Charge or a substantive offense in the Access Charge.

### Point Three

Point Three of the Original Brief argued that the Conspiracy Charge (Count 1) and the Damage Charge (Count 3) of the original indictment should be dismissed because the alleged acts of damage charged (as a conspiratorial object and as a substantive offense, respectively) do not violate the Damage Provision as a matter of law, or because the Damage Provision is unconstitutionally vague as applied to those alleged acts. [Doc. 31-1 at 24-27] The original indictment alleged that Joseph committed as many as three acts of damage – *i.e.*, two acts of changing the passwords to the West New York News Account and the Facebook Account (at 4:27 p.m. and 4:38 p.m.), and a third act of cancelling the Go Daddy Account and thereby disabling the Recall Website (at 4:49 p.m.) – but none of those acts allegedly impaired the integrity or availability of any protected computer's hardware or software, or any data or information contained therein.

The superseding indictment abandons the Damage Charge both as a substantive offense and as a conspiratorial object. Accordingly, Point Three's dismissal arguments are moot insofar as they applied to the now-abandoned Damage Charge as charged both substantively and as a conspiratorial object.

However, the superseding indictment continues to charge the Damage Charge under the Enhancement Provision in order to elevate both the Conspiracy Charge and the Access Charge from misdemeanors to felonies. (Superseding indictment at 3-4 ¶2a and 14 ¶2) With respect to those allegations, the superseding indictment appears to affect Point Three's arguments in two material respects.

First, the superseding indictment now alleges that the protected computers damaged were the "Go Daddy and Weebly computers used [] to host the domain name and content, respectively, for the Recall Website." (Superseding indictment at 3-4 ¶2a, 14 ¶2) That new allegation seemingly confirms that the alleged acts of changing the passwords to the West New York News Account and the Facebook Account at 4:27 p.m. and 4:38 p.m., (id. at 7 ¶4l), are not charged as acts of damage under the Enhancement Provision. Should the government confirm that those alleged acts are not so charged, we will withdraw Point Three's arguments as they apply to those alleged acts.

Second, the superseding indictment appears to add a new alleged act of damage -- *i.e.*, that Joseph "changed the password to Victim 1's Weebly account and deleted the account" at 6:23 p.m., (id. at 9 ¶4v) – to the alleged act of cancelling the Go Daddy Account and thereby disabling the Recall Website at 4:49 p.m., (id. at 8 ¶4n). We continue to advance Point Three's arguments with respect to both of those alleged acts of damage. For the reasons advanced in the Original Brief, those alleged acts do not violate the Damage Provision as a matter of law because

6

they did not impair the integrity or availability of either computer's hardware or software, or any data or information contained therein. Rather, at most, those alleged acts impaired the availability of computer services – *i.e.*, the Recall Website -- without impairing any computer hardware or software, or any data or information contained therein.. Alternatively, for the reasons advanced in the Original Brief, the Damage Provision is unconstitutionally vague as applied to those alleged acts.

In sum, Point Three's dismissal arguments are moot as applied to the now-abandoned Damage Charge as charged both substantively and as a conspiratorial object. However, those arguments continue to apply to, and render legally defective, the Damage Charge as charged under the Enhancement Provision in order to elevate the Conspiracy Charge and the Access Charge from misdemeanors to felonies.

**Point Four**

Point Four of the Original Brief argued that the Conspiracy Charge (Count One) and the Access Charge (Count Two) should be dismissed to the extent they charge felonies because the felony-enhancing Damage Charge is legally defective, because Congress did not intend to elevate a CFAA misdemeanor (the Access Charge) to a felony based on another CFAA misdemeanor (the Damage Charge), because the Enhancement Provision is unconstitutionally vague, or because application of the Enhancement Provision would create a merger problem in violation of the Double Jeopardy Clause. [Doc. 31-1 at 27-36] Point Three above addressed how the superseding indictment affects the argument that the felony-enhancing Damage Charge is legally defective. The superseding indictment appears to affect Point Four's remaining arguments in one primary respect.

7

In addition to the Damage Charge, the superseding indictment now charges a second ground for elevating the Conspiracy Charge and the Access Charge from misdemeanors to felonies under the Enhancement Provision. Specifically, the superseding indictment charges that the alleged acts of unauthorized accessing the West New York News Account (charged as both a conspiratorial object in the Conspiracy Charge and a substantive offense in the Access Charge) and the Facebook Account (charged only as a conspiratorial object in the Conspiracy Charge, not as a substantive offense) were committed "in furtherance of criminal acts in violation of the laws of the State of New Jersey, namely, harassment, contrary to N.J.S.A. 2C:33-4(a) and (c)." (Superseding indictment at 4 ¶¶2a-b, 14-15 ¶2)

The superseding indictment adds this alternative felony-enhancing ground even though such harassment offenses are mere petty disorderly persons offenses under New Jersey law carrying a maximum imprisonment term of just thirty (30) days. See N.J.S.A. §§2C:33-4 and 2C:43-8. Moreover, the superseding indictment purports to link the harassment offenses to the unauthorized accessing allegations even though the original indictment alleged the same underlying conduct without charging any harassment offenses, much less linking any such offenses to the unauthorized accessing allegations. (See Original Brief at 28 n. 14 [noting that "the indictment does not allege that the Access Charge was committed in furtherance of any of the alleged acts of harassment which Felix allegedly committed in the days after Joseph allegedly disabled the Recall Website"])

In contrast to the newfound harassment offenses, the superseding indictment charges that only the alleged act of unauthorized accessing the West New York News Account, but not the alleged acts of unauthorized accessing the Facebook Account, were committed in furtherance of

8

the Damage Charge. (Id.) Accordingly, the superseding indictment appears to charge the following three felony theories:

    (1) Unauthorized accessing the West New York News Account at 11:49 a.m. in furtherance of damaging the Go Daddy computer at 4:49 p.m. (by cancelling the Go Daddy Account and disabling the Recall Website) and the Weebly Computer at 6:23 p.m. (by deleting the Weebly Account), as charged both substantively in the Access Charge and as a conspiratorial object in the Conspiracy Charge;

    (2) Unauthorized accessing the West New York News Account at 11:49 a.m. in furtherance of the subsequent harassment offenses against the alleged victims, as charged both substantively in the Access Charge and as a conspiratorial object in the Conspiracy Charge; and

    (3) Unauthorized accessing the Facebook Account at 4:27 p.m., 4:38 p.m. and 5:45 p.m. in furtherance of the subsequent harassment offenses against the alleged victims, as charged only as a conspiratorial object in the Conspiracy Charge.

Should the government confirm that the superseding indictment is limited to those three felony theories, we will withdraw without prejudice Point Four's merger argument as previously applied to the first theory because the acts of unauthorized accessing and the acts of damage charged appear to be separate and distinct acts. Similarly, we will not extend Point Four's merger argument to the newfound second and third theories because the acts of unauthorized accessing and harassment charged also appear to be separate and distinct acts. Finally, we will continue to advance to the first theory, but will not extend to the second and third theories, Point Four's arguments that the alleged acts of damage do not violate the Damage Provision as a matter of law, that Congress did not intend to elevate a CFAA misdemeanor (the Access Charge) to a

felony based on another CFAA misdemeanor (the Damage Charge), and that the Enhancement Provision is unconstitutionally vague as applied to the alleged acts of damage charged.

### Point Five

Point Five of the Original Brief argued that the Access Charge (Count 2) and the Damage Charge (Count 3) should be dismissed as duplicitous to the extent that they charge multiple acts of unauthorized accessing and unauthorized damage, respectively. [Doc. 31-1 at 36-39]

By abandoning the Damage Charge, the superseding indictment moots Point Five's argument as applied thereto. Moreover, should the government confirm that the Access Charge is limited to the single act of unauthorized accessing the West New York News Account at 11:49 a.m., we will withdraw Point Five's argument as applied thereto.

### Point Six

Point Six of the Original Brief argued that the government should be directed to file a bill of particulars identifying, among other information, all acts of unauthorized accessing and acts of damage charged in the Access Charge and the Damage Charge, respectively. [Doc. 31-1 at 39-42]

With respect to those alleged acts, should the government confirm that the Access Charge (as charged both substantively and as conspiratorial objects) and the Damage Charge (as charged as a felony enhancer) are limited to the acts of unauthorized accessing and unauthorized damage delineated in the Points above, we will withdraw without prejudice Point Six's argument for a bill of particulars identifying those acts.

We continue to advance Point Six's argument for a bill of particulars identifying:

- Any and all facts supporting the indictment's allegations that Felix conspired with Joseph to commit, and aided and abetted Joseph's commission of, the alleged acts of unauthorized accessing and unauthorized damage; and

- Any and all facts supporting the indictment's allegations that Joseph conspired with Felix to commit, and aided and abetted Felix's commission of, the alleged acts of harassment.

**Point Seven**

Finally, Point Seven of the Original Brief argued that the all prejudicial surplusage, including all uncharged allegations of harassment following the Access Charge and the Damage Charge, should be stricken from the indictment.

With respect to the uncharged allegations of harassment, the superseding indictment now charges those allegations as harassment offenses under the Enhancement Provision in order to elevate both the Access Charge and the Conspiracy Charge from misdemeanors to felonies, as described in Point Four above. Because those allegations are now charged as felony-enhancing offenses, we will withdraw without prejudice Point Seven's argument to strike them as surplusage.

Point Seven also sought to strike as surplusage the Conspiracy Charge's reference to "Others" in the heading "Victims and Others." (Original indictment at 1) The superseding indictment strikes that reference, so that argument is moot.

Point Seven also sought to strike as surplusage the Conspiracy Charge's reference to "alleged mismanagement in [Felix's] administration." (Id. at 3 ¶1j) Because the superseding indictment repeats that same reference, (superseding indictment at 3 ¶1j), we continue to advance Point Seven's argument thereto. As detailed in the Original brief, any "alleged mismanagement

11

in [Felix's] administration" is both immaterial to the charges and unduly prejudicial, and can be replaced by the less inflammatory terms (used elsewhere in the superseding indictment) "criticism" or "information critical of" Felix and his administration. (Id. at 2 ¶¶ 1d and 1g)

Finally, Point Seven also sought to strike as surplusage the aliases "Maria Pasquale" and "Jeffrey Reynoso" attributed to Joseph throughout the original indictment. (Original indictment at 1, 3, 11 and 13) The superseding indictment continues to employ those aliases, even though it also continues to allege that Victim 1 previously used, and Felix subsequently used, one of those same aliases ("Maria Pasquale"). (Superseding indictment at 2 ¶¶ 1h and 1i, at 9 ¶4x) Because attributing those aliases to Joseph is both unnecessary and prejudicially confusing, we continue to advance Point Seven's argument to strike those aliases as prejudicial surplusage.

## CONCLUSION

For the foregoing reasons and those contained in the Original Brief, the Court should dismiss the superseding indictment against Joseph, in whole or in part, and grant the other pretrial relief requested therein.

                    Respectfully submitted,

                    ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP.
                    Attorneys for Defendant Joseph Roque

                    By:    s/ John A. Azzarello

Dated: May 7, 2013